UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA BRUNER,

    Plaintiff,

vs.

Case No. 15-CV-10521
HON. GEORGE CARAM STEEH
MAG. JUDGE STEPHANIE DAWKINS DAVIS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 26]

This matter is before the court on plaintiff Gloria Bruner's challenge of a final decision of defendant Commissioner that plaintiff was not disabled under sections 216(I), 223(d), and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(I), 423(d), 1382c(a)(3)(A). Plaintiff previously filed claims under Title II and Title XVI of the Social Security Act, which were both denied by Administrative Law Judge (ALJ) Mason on March 23, 2012. On April 13, 2012, plaintiff again filed a Title II application for a period of disability and disability insurance benefits. Then, on April 25, 2012, plaintiff filed a Title XVI application for supplemental security income. These claims were both denied on August 8, 2012. ALJ Blum upheld the finding that plaintiff was not disabled for purposes of the Social Security Act on October 4, 2013. Plaintiff sought review of that decision on February 10, 2015. Both parties filed motions for summary judgment, which were referred to the magistrate judge for report and recommendation. On February 18, 2016, Magistrate Judge Davis issued a report and recommendation recommending that

-1-

plaintiff's motion for summary judgment be dismissed, defendant's motion for summary judgment be granted, and the Commissioner's findings be affirmed.

Plaintiff filed objections to that report (Doc. 24), and defendant filed a response to those objections (Doc. 25). The Court has reviewed the file, record, and magistrate judge's report and recommendation.  For the reasons set forth below, this court overrules plaintiff's objections and accepts and adopts the magistrate judge's report.

The facts of this case are set forth in the magistrate judge's report and recommendation, and, upon review of the record, the court accepts the recitation of the facts set forth there as the factual findings of this court.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*  A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C.  § 405(g).

Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal

quotation marks and citation omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (noting that the substantial evidence standard "presupposes ... a zone of choice within which the decisionmakers can go either way, without interference by the courts") (internal quotation marks and citation omitted).

*Res judicata* principles apply where plaintiff has previously adjudicated a disability claim under the same title of the Social Security Act. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997); Social Security Acquiescence Ruling AR 98-4(6)  ("Whether, in making a disability determination or decision on a subsequent disability claim with respect to an unadjudicated period, where the claim arises under the same title of the Social Security Act (the Act) as a prior claim on which there has been a final decision by an Administrative Law Judge (ALJ) or the Appeals Council, the Social Security Administration (SSA) must adopt a finding of a claimant's residual functional capacity, or other finding required under the applicable sequential evaluation process for determining disability, made in the final decision by the ALJ or the Appeals Council on the prior disability claim.").  In other words, an ALJ reviewing a subsequent claim for an unadjudicated period is bound by the final judgment of the previous ALJ, unless there is new evidence regarding the disability since the finding. *Id.*

ANALYSIS

Objection 1

Plaintiff raises three distinct arguments in this objection. First plaintiff objects that the Administrative Law Judge (ALJ) failed to properly weigh the evidence in accordance with 20 C.F.R. § 404.1527. Specifically, plaintiff claims that the ALJ failed to "consider every medical opinion of record, and set forth a valid basis for rejecting any." 20 C.F.R. § 404.1527. Plaintiff appears to assert that ALJ Blum disregarded the opinion of Dr. Siddiqui, plaintiff's consulting physician. It is clear, however, that ALJ Blum did consider Dr. Siddiqui's medical reports. ALJ Blum addressed Dr. Siddiqui's findings several times throughout his opinion both when determining the severity of plaintiff's impairments and again when determining plaintiff's residual functional capacity (RFC). (ALJ Blum Decision, Doc. 13-2, Pg ID 75, 81). The court, therefore, finds this argument unpersuasive.

Second, plaintiff argues that the ALJ made his own medical finding that plaintiff's diagnosis of fibromyalgia carried no trigger points. Dr. Siddiqui's report called plaintiff's pain "severe" and identified "multiple tender spots" associated with her fibromyalgia. (Pl. Objections, Doc. 24, Pg ID 1253-54 (citing Doc. 13-8, Pg ID 465, 469, 470)). ALJ Blum found that "[w]hile fibromyalgia is carried as a diagnosis, no trigger point findings were indicated to definitively establish it as a *severe* impairment." (ALJ Blum Decision, Doc. 13-2, Pg ID 75 (emphasis added)). ALJ Blum did not deny the existence of trigger points (or tender spots) only that, regardless of those trigger points, plaintiff's fibromyalgia was not a severe impairment. Magistrate Judge Davis reaffirmed this finding, explaining that "the only evidence that plaintiff had to support her claim that her fibromyalgia was disabling was Dr. Siddiqui's April 2012 examination report, which at most establishes that plaintiff was diagnosed with fibromyalgia and that the condition was a medically-

determinable impairment" not that it was a severe impairment. (Mag. Davis Decision, Doc. 23, Pg. ID 1225). Moreover, "Dr. Siddiqui did not provide an opinion that plaintiff was functionally limited in any way." (*Id.* at 1243). This court agrees that Dr. Siddiqui's report is not conclusive as to the severity of plaintiff's fibromyalgia nor plaintiff's functionality. Furthermore, the ultimate determination of disability is within the purview of the ALJ's decision-making authority. *Walker v. Sec'y of Health and Human Serv.*, 980 F.2d 1066, 1070 (6th Cir. 1992). ALJ Blum's findings in this instance are supported by substantial evidence based on the record as a whole.

Third, plaintiff argues that ALJ Blum substituted his own medical findings regarding plaintiff's lumbar disc protrusions at L4-5 and L5-S1 for those of plaintiff's treating physician. The court similarly finds this argument unpersuasive. Again, the determination of disability is within the purview of the ALJ. Here, ALJ Blum found that:

> While the shallow central disc protrusion at L5-S1 was noted to contact the S1 nerve root, it was not displaced and the disc protrusions noted did not cause spinal canal or foraminal narrowing at either level. (Exhibit B25F). (Pl. Objections, Doc. 24, Pg ID 1254).

This language merely summarizes what is in the report and is not, as plaintiff suggests, an independent medical finding made by ALJ Blum. (Exhibit B25F, Doc. 13-12, Pg ID 1044). Additionally, ALJ Blum's finding does not conflict with that of the treating physician. Both the treating physician and ALJ Blum identified the neck and back pain caused by the disc protrusions at L4-5 and L5-S1 as severe. (Exhibit B3F, Doc. 13-8, Pg. ID 465, 468; ALJ Blum Decision, Doc. 13-2, Pg ID 75). The treating physician, however, did not address plaintiff's functionality based on this neck and back pain. ALJ Blum determined that, taken with plaintiff's other impairments, the pain

caused by the disc protrusions at L4-5 and L5-S1 was not enough to meet the severity of one of the listed impairments in 20 C.F.R. § 404. Once again, Dr. Siddiqui's reports were not conclusive, and the ultimate determination of disability is within the purview of the ALJ's decision-making authority. *Walker v. Sec'y of Health and Human Serv.*, 980 F.2d 1066, 1070 (6th Cir. 1992). ALJ Blum's findings regarding plaintiff's lumbar disc protrusions at L4-5 and L5-S1 are supported by substantial evidence based on the record as a whole, and this court affirms those findings.

Objection 2

Plaintiff alleges that ALJ Blum and Magistrate Davis violated the regulations and disregarded precedent regarding disability caused by emotional impairment. Plaintiff cites several regulations and court precedents but never describes in what ways the opinions of ALJ Blum or Magistrate Davis violated these regulations and precedents. Plaintiff appears to argue, as she did in Objection 1, that the ALJ and Magistrate did not give proper deference to Dr. Siddiqui's opinion. To that extend, the court holds as it did above that the ALJ and Magistrate did give proper deference to Dr. Siddiqui's reports, but the reports were not conclusive. So, the ALJ properly made the final determination regarding plaintiff's disability. The court, therefore, agrees with the Magistrate's recommendation and rejects this argument.

Objection 3

Plaintiff again raises several arguments in this objection. One argument is that ALJ Blum ignored Dr. Siddiqui's reports. As discussed above, the court rejects this argument. The main thrust of this objection, however, is that ALJ Blum did not comply with SSR 96-8, which provides an ALJ with guidelines for assessing an individuals' residual functioning capacity (RFC). Under those guidelines, an ALJ must consider whether the individual has the "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8.

Plaintiff argues that ALJ Blum did not establish that she could work on a "regular and continuing basis." Rather, plaintiff asserts ALJ Blum improperly focused on household tasks to make his determination. Magistrate Davis accurately noted that "an ALJ may reasonably view such daily activities as inconsistent with subjective complaints of disabling limitations." (Mag. Davis Decision, Doc. 23, Pg. ID 1248). Plaintiff points to a single paragraph in ALJ Blum's decision to support her claim. (Pl. Objections, Doc. 24, Pg ID 1259 (citing ALJ Blum Decision, Doc. 13-2, Pg ID 77)). In the context of the rest of ALJ Blum's decision, however, it is clear that these household tasks were just one of many factors ALJ Blum considered in making his determination. This court, therefore, does not find merit in this objection.

Objection 4

Plaintiff objects that ALJ Blum did not give proper weight to plaintiff's global assessment functioning (GAF) scores. Plaintiff was given a GAF score of 50 on 6

separate occasions between March, 2012 and August, 2012. (Doc. 13-8, Pg ID 585, 590, 594, 602, 606, 610). Plaintiff takes issue with ALJ Blum's description of these scores as "snapshots in time" and insists that these scores were consistent and should have been ascribed more weight. Plaintiff cites to *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 529-30 (Oct. 14, 2014) to support her contention that this sort of continuous GAF score is enough to establish a disability. However, the ALJ in *Keeton* failed to consider consistently low GAF scores over a course of years *at all*. Moreover, while the Sixth Circuit has held that an ALJ may not simply disregard consistent GAF scores, an ALJ is not precluded from considering other evidence in the record when making his or her determination. *See Ronald Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 836 (Jan. 29, 2016). Here, ALJ Blum did acknowledge these GAF scores and recognized them as "indicative of serious symptoms impairing social and occupational functioning." (ALJ Blum Decision, Doc. 13-2, Pg ID 77). There was, however, other evidence in the record to indicate that plaintiff's impairment was not as consistent as plaintiff suggests. Among other things, ALJ Blum pointed to DHS forms which according to ALJ Blum, "do little to bolster the claimant's allegations of disabling impairments" as well as other reports that indicated plaintiff's mood was improving. (ALJ Blum Decision, Doc. 13-2, Pg ID 77). There was, therefore, substantial evidence in the record to support ALJ Blum's determination that plaintiff's GAF scores were simply "snapshots in time." The court overrules this objection.

Objection 5

Here, plaintiff argues that there was not substantial evidence that she could work on a regular and continuing basis, meaning for 8 hours a day, for 5 days a week, not

missing more than 2 days per month. This is simply a restatement of Objection 3, and the court likewise overrules this objection for the reason set out above.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation be accepted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be DENIED, defendant's motion for summary judgment be GRANTED, and the findings of the Commissioner be AFFIRMED.

Dated:  March 17, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 17, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk